UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS BLUMENTHAL,

        Petitioner,

v.                                              Case Number: 08-cv-14858
                                                   Honorable Victoria A. Roberts

MICHAEL CURLEY,

        Respondent,
_____/

**ORDER DENYING PETITIONER'S MOTION FOR IMMEDIATE RELEASE**

On November 19, 2008, Petitioner Thomas Blumenthal filed a *pro se* "Petition for Writ of Habeas Corpus" [dkt. # 1], challenging the constitutionality of his 2004 convictions for two counts of child sexually abusive material or activity and four counts of using a computer to commit a crime. Pending before the Court is his "Motion for the Immediate Release of the Petitioner from State Custody" [dkt. # 10], filed on July 29, 2009. For the reasons set forth below, the Motion is denied.

I.

Petitioner seeks immediate release from custody or release on bail pending disposition of his Habeas Petition. Petitioner's argument in favor of release on bail relies upon Federal Rule of Appellate Procedure 23(c), which provides:

> While a decision ordering the release of a prisoner is under review, the prisoner must–unless the court or judge ordering the decision, or the court of appeals, or the Supreme Court, or a judge or justice of either court orders otherwise–be released on personal recognizance, with or without surety.

The United States Supreme Court has held that this rule "undoubtedly creates a presumption of release from custody in such cases." *Hilton v. Braunskill*, 481 U.S. 770, 774


(1987). Rule 23(c) addresses situations where a party appeals a district court's decision granting habeas relief and ordering a petitioner's release. This Court has not granted habeas relief in this case. Therefore, Rule 23(c) is inapplicable to Petitioner's case.

To receive bond pending a decision on the merits of a Habeas Petition, a petitioner must show a substantial claim of law based on the facts surrounding the Petition and the existence of "some circumstance making the [motion for bail] exceptional and deserving of special treatment in the interests of justice." *Dotson v. Clark*, 900 F.2d 77, 79 (6th Cir. 1990) (citing *Aronson v. May*, 85 S.Ct. 3, 5 (1964)). "There will be few occasions where a prisoner will meet this standard." *Dotson*, 900 F.2d at 79. Because a habeas petitioner "is appealing a presumptively valid state conviction . . . it will indeed be the very unusual case where a habeas petitioner is admitted to bail prior to a decision on the merits in the habeas case." *Lee v. Jabe*, 989 F.2d 869, 871 (6th Cir. 1993).

In this case, Petitioner contends that he has already served seventy-six percent of his sentence and that he has been denied parole up to this point in time. Petitioner's claim is insufficiently persuasive to establish the existence of any extraordinary and exceptional circumstances which merit immediate release on bond.

Moreover, in light of the fact that the Court very recently received the Rule 5 Materials, filed June 19, 2009, it is premature for the Court to order the immediate release of Petitioner without having had the opportunity to fully review the record. Therefore, the Court will deny Petitioner's request for his immediate release from custody.

II.

Accordingly, **IT IS ORDERED** that Petitioner's "Motion for the Immediate Release of the Petitioner from State Custody" [dkt. # 10] is **DENIED**.

<div style="text-align: right;">
s/Victoria A. Roberts  
Victoria A. Roberts  
United States District Judge
</div>

Dated:  October 19, 2009

---

The undersigned certifies that a copy of this document was served on the attorneys of record and Thomas Blumenthal by electronic means or U.S. Mail on October 19, 2009.

s/Linda Vertriest
Deputy Clerk

---