UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THOMAS BLUMENTHAL,
180578
       Petitioner,

v.                                            Case No. 2:08-cv-14858
                                                Honorable Victoria A. Roberts

MICHAEL CURLEY,

       Respondent.
_____/

**ORDER DENYING PETITIONER'S "MOTION FOR NEW TRIAL/REHEARING"**

On December 7, 2011, the Court denied Petitioner Thomas Blumenthal's *pro se* Petition for Writ of Habeas Corpus filed under 28 U.S.C. § 2254.  *Blumenthal v. Curley*, No. 2:08-cv-14858, 2011 WL 6090183 (E. D. Mich. Dec. 7, 2011).  Pending before the Court is Petitioner's "Motion for New Trial/Rehearing," filed under Federal Rule of Civil Procedure 59(b).

Federal Rule of Civil Procedure 59(b) provides that "[a] motion for a new trial must be filed no later than 28 days after the entry of judgment."  No trial occurred in this case.  Based upon the relief Petitioner seeks, the Court construes his Motion as having been filed pursuant to Federal Rule of Civil Procedure 59(e), which concerns Motions to Alter or Amend a Judgment.

A Motion to Alter or Amend a Judgment, filed under Rule 59(e), is "entrusted to the court's sound discretion."  *Keweenaw Bay Indian Comty. v. United States*, 940 F.Supp. 1139, 1140 (W.D. Mich. 1996) (citing *Huff v. Metro. Life Ins. Co.*, 675 F.2d 119, 122 (6th Cir. 1982)).  Rule 59(e) motions are generally granted when one of the following circumstances arises:

> (1) because of an intervening change in the controlling law; (2) because evidence not previously available has become available; or  (3) necessity to correct a clear error of law or prevent manifest injustice.

*Nagle Indus., Inc. v . Ford Motor Co.*, 175 F.R.D. 251, 254 (E.D. Mich. 1997) (citing *Keweenaw*

*Bay*, 940 F. Supp. at 1141). "Such motions, however, are 'not intended as a vehicle to relitigate previously considered issues;' 'should not be utilized to submit evidence which could have been previously submitted in the exercise of reasonable diligence;' and are not the proper vehicle to attempt to obtain a reversal of a judgment 'by offering the same arguments previously presented.'" *Id.* (quoting *Keweenaw Bay*, 904 F. Supp. at 1141).

None of the arguments set forth by Petitioner in support of his Motion satisfy the standards under which Rule 59(e) Motions may be granted. Petitioner simply states that "an improper standard was used in deciding his [P]etition for [W]rit of [H]abeas [C]orpus." Petitioner's Motion, at 1.

For the reasons stated, the Court denies Petitioner's "Motion for New Trial/Rehearing" [dkt. # 26].

IT IS ORDERED.

S/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated: January 30, 2012

The undersigned certifies that a copy of this document was served on the attorneys of record and Thomas Blumenthal by electronic means or U.S. Mail on January 30, 2012.

s/Carol A. Pinegar
Deputy Clerk